UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-0751-SJO-KK | Date: | February 2, 2017 |
| Title: | *Luis C. Sanchez v. K. Santoro* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely

## I.
## INTRODUCTION

Petitioner Luis C. Sanchez ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254.  However, the Petition appears to be untimely on its face.  The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

### A.   STATE COURT PROCEEDINGS

On August 31, 2010, in Los Angeles County Superior Court, Petitioner was convicted of mayhem with a gang enhancement in violation of sections 203 and 186.22(b)(1)(C) of the California Penal Code.  ECF Docket No. ("Dkt.") 1, Pet. at 2.  Petitioner was sentenced to a term of fourteen years.  Id.  Plaintiff did not appeal his conviction or sentence.  Id. at 2-3.

Following the conviction, Petitioner filed three state habeas petitions.  Id. at 4.  The first state habeas petition was filed in Los Angeles Superior Court and denied on August 19, 2016.  Id.

On September 26, 2016, Petitioner filed the second state habeas petition in the California Court of Appeal. Pet. at 4. On October 11, 2016, the California Court of Appeal denied the petition. See California Courts, Appellate Courts Case Information, Docket (Feb. 1, 2017, 4:24 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2155946&doc_no=B277887.

On November 7, 2016, Petitioner filed a third state habeas petition in the California Supreme Court. See California Courts, Appellate Courts Case Information, Docket (Feb. 1, 2017, 4:24 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2169246&doc_no=S238254. On December 21, 2016, the California Supreme Court denied the petition. Pet. at 5.

On January 11, 2017, Petitioner constructively filed[1] the instant Petition alleging his sentence is "subject to the requirements of the Determinate Sentence Act, under which enhancements for determinant terms are imposed at one-third of the enhancement term." Id. at 6[2].

## III.
## DISCUSSION

**A.   THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pet. at 9. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

Here, Petitioner's conviction became final on October 30, 2010, i.e., sixty days after the date of Petitioner's conviction. See Cal. R. Ct. 8.308(a); Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994). AEDPA's one-year limitations period commenced the

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). This Court presumes Petitioner gave his Petition to prison authorities on the date it was signed.

[2]   The Court refers to the pages of the Petition as if they were consecutively paginated.

next day, October 31, 2010, and expired on October 31, 2011.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the instant Petition on January 11, 2017.  See Pet. at 11.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over six years and two months under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

### B.   STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Moreover, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on October 31, 2010.  See 28 U.S.C. § 2244(d)(1).  Following the commencement of the limitations period, Petitioner filed three state habeas petitions.  While the date Petitioner filed the first state habeas petition is unknown, the first petition was denied August 19, 2016.  AEDPA's limitation period expired on October 31, 2011.  See 28 U.S.C. § 2244(d)(2).  Assuming that first petition was filed sometime in 2016, it appears AEDPA's limitation period expired well before Petitioner filed his first state habeas petition.  See id.  Section 2244(d)(2) does not permit reinitiation of the limitations period.  See Ferguson, 321 F.3d at 823.  Therefore, statutory tolling does not render the Petition timely.  See id.

### C.   EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule."  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  See Bills, 628 F.3d at 1097.

///

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than March 3, 2017**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** See Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**